IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00777-MR

| | |
|---|---|
| **ANTHONY BUSSIE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **WALDEN WEAVER, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff has filed an Application to proceed *in forma pauperis*. [Doc. 2].

**I.    BACKGROUND**

The pro se Plaintiff, a civilly committed detainee at the Butner Federal Medical Center, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1 at 3].

In April 2012, the Plaintiff was indicted in the United States District Court for the District of New Jersey for threatening a U.S. Congressman, D.N.J. Case No. 1:12-cr-229 ("CR"). [CR Doc. 1]. The Plaintiff was found to be incompetent to stand trial and he was transferred to the Butner Federal

Medical Center, located in the Eastern District of North Carolina, in an attempt to restore him to competency. [CR Docs. 15, 17, 35]. On April 2, 2015, the Honorable W. Earl Britt found the Plaintiff to be incompetent to proceed and committed him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246, E.D.N.C. Case No. 5:14-hc-2186 ("HC"). [HC Doc. 16]. On April 16, 2015, the Honorable Renee Marie Bumb dismissed the New Jersey criminal charges without prejudice, in light of the Plaintiff's incompetence and civil commitment. [CR Doc. 43].

In the instant civil rights action, the Plaintiff names as Defendants the following "forensic evaluators" at the Butner FMC: Walden Weaver; Robert G. Lucking; J. Halbsgut; R. Koch; G. Wadsworth; E. Picard; and R. Cochrance.[1] [Doc. 1 at 2-4]. He names Defendants Weaver, Lucking, and Halbsgut in their official capacities, and he does not state whether he is suing the remining Defendants in their official capacities, their individual capacities, or both. He appears to argue that the Defendants have been violating his rights during annual assessments since 2012 by finding that he is "not suitable for: probation release, conviction, sentence of, parole, or other." [Id.

---

[1] The Annual Forensic Update reflects that the Plaintiff's Forensic Evaluations in 2013 and 2014 were authored by Angela Walden Weaver, Ph.D and Robert G. Lucking, M.D.; and that Annual Forensic Updates in 2016 through 2021 were authored by J. Halbsgut, Psy.D, R. Koch, Psy.D, G. Wadsworth, Psy.D, Emilie Picard, M.S., M.A., and Robert E. Cochrane, Psy.D, ABPP. [See Doc. 4 at 1-2].

at 3, 6](errors uncorrected). The Plaintiff alleges that the incidents giving rise to his claims occurred in an institution as follows:

> (1) Allege contract dispute and misconduct in Bussie v. US, 11cv2824 (NCH) (DNJ 7/26/11).
>
> (2) Criminal dismissal in US v. Bussie 12cr229 (RMB) (DNJ 4/16/15).

[Id. at 5]. He also alleges that the incidents giving rise to his claims occurred outside of an institution as follows:

> The defendant keeps trying to put one on: probation, conviction, sentence, parole and other criminal releases.

[Id.]. He sets forth the following description of the facts underlying his claims:

> Judge (D) (BO) (FL) in (EDNC) argued criminal charges are dropped, Bussie is not a prisoner as defined as prisoner and poor Attorney General Custody.

[Id. at 6]. The Plaintiff neither pursued nor exhausted his administrative remedies. [Id. at 8-10]. For injury, he alleges "harassment, torture, kidnapping, slavery to suffer a loss of freedom, loss of enjoyments, headaches, 'pain in the ass.'" [Id.]. He seeks "[a] supreme caselaw of the land in dismissing this case." [Id.].

The Court notes that the Plaintiff is a prolific *pro se* filer whose litigation history predates his civil commitment. A PACER search shows that he has now filed more than 260 cases in federal district and appellate courts throughout the country. His frivolous practices have resulted in the

imposition of prefiling injunctions in several courts. See, e.g., Conjured Up Entm't v. United States, No. 1:11-cv-2824 (D.N.J. July 26, 2011) (pre-commitment injunction from filing claims based on an alleged intelligence and war contract with the United States government); Bussie v. IRS Comm'r, No. 17-cv-157 (E.D.N.Y. April 7, 2017) (prohibiting Plaintiff from filing any new civil actions without prepaying the filing fee or obtaining leave of court to proceed IFP); see also Bussie v. Pelosi, No. 3:21-cv-191 (W.D. Wis. May 14, 2021) (warning the Plaintiff that the continued filing of frivolous and malicious lawsuits will result in the imposition of a filing bar).

## II. LEGAL STANDARDS

The Plaintiff has applied to proceed *in forma pauperis*, stating that he is unemployed and "poor." [Doc. 2]. It appears that the Plaintiff's only income consists of small periodic deposits into his institutional trust account. [See 3:24-cv-671 Doc. 7]; Fed. R. Ev. 201. The Application will be granted for purposes of this initial review.[2]

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the

---

[2] The Court will not order the filing fee to be deducted from the Plaintiff's trust account because he is not a "prisoner" for purposes of the Prison Litigation Reform Act (PLRA). See generally 42 U.S.C. § 1997e(h); 28 U.S.C. § 1915(h); Banks v. Hornak, 698 F. App'x 731, 736 n.4 (4th Cir. 2017); see, e.g., Fisher v. Deutsch, No. 5:23-ct-3328, 2024 WL 1747829, at *1 (E.D.N.C. April 23, 2024).

4

grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."³  28 U.S.C. § 1915(e)(2).

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct.  Id. at 395-97.  Bivens claims are not actionable against the United States, federal

---

³ Despite his extensive litigation history, the Plaintiff is not presently subject to the three-strikes rule because he is not a "prisoner" under the PLRA.  See 28 U.S.C. § 1915(g)-(h).

5

agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a Bivens action does not lie against either agencies or officials in their official capacity.") (citing Meyer, 510 U.S. at 484-86).

The venue for a Bivens action is established by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see Stafford v. Briggs, 444 U.S. 527, 544 (1980). A case filed in the wrong venue may be dismissed, or "in the interest of justice," it may be transferred to any district where venue is proper. 28 U.S.C. § 1406(a). However, where a district court lacks subject-matter jurisdiction, a case may not be transferred under § 1406(a). See Proctor v. Schwartz, Inc. v. Rollins, 634 F.2d 738, 740 n.3 (4th Cir. 1980).

The Defendants appear to be employees of the Butner FMC. A suit against government agents acting in their official capacities is considered a

suit against the United States itself.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits ... generally present only another way of pleading an action against an entity of which an officer is an agent.").  As noted, however, the United States cannot be sued under Bivens and the Court lacks subject matter jurisdiction over the Plaintiff's official-capacity claims.  See Chao, 306 F.3d at 184.  Therefore, this Court lacks jurisdiction over the Plaintiff's claims against the Defendants in their official capacities.[4]

Insofar as the Plaintiff asserts claims against the Defendants in their individual capacities, his vague, conclusory, and confusing allegations fail to satisfy the most basic pleading requirements.  See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

---

[4] It would be unavailing to liberally construe these claims as being brought under the Federal Tort Claims Act (FTCA) because the face of the Complaint reveals that the Plaintiff did not exhaust his administrative remedies before filing this lawsuit and, in any event, venue does not lie in this District.  See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); 28 U.S.C. § 1402(b) (a tort action brought against the United States may only be prosecuted in the judicial district where the plaintiff resides or where the act or omission complained of occurred).

Although venue appears to lie in the Eastern District of North Carolina where the Butner FMC is located, the Plaintiff's official-capacity claims over which the Court lacks jurisdiction must be dismissed. See Proctor, 634 F.2d at 740 n.3. To the extent that the Plaintiff has attempted to assert claims against several Defendants in their individual capacities, the Court finds that it is not in the interest of justice to transfer them to the Eastern District because they are vague, conclusory, and frivolous. See, e.g., Emrit v. Grammy Awards on CBS, No. 5:23-cv-499, 2023 WL 6545417, at *3 (E.D.N.C. Sept. 15, 2023), *report adopted* 2023 WL 6541844 (concluding that transfer to the proper venue was not warranted where the complaint was subject to dismissal as frivolous and for failure to state a claim). Accordingly, the Complaint fails initial review and this action will be dismissed without prejudice.

**The Plaintiff is cautioned that the repeated filing of frivolous, duplicative, or otherwise abusive actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court.**

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's Application to proceed in forma pauperis is granted, and this action is dismissed without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED** for the purpose of this initial review.

2. This action is **DISMISSED WITHOUT PREJUDICE**.

3. **The Plaintiff is cautioned that the repeated filing of frivolous, duplicative, or otherwise abusive actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court.**

**IT IS SO ORDERED**.

Signed: October 14, 2024

*[Signature]*

Martin Reidinger
Chief United States District Judge